IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK S. McHENRY,

           Plaintiff,

vs.                                             Case No. 12-2512-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

           Defendant.

MEMORANDUM AND ORDER

On August 7, 2012, plaintiff filed a complaint seeking review of a final decision by the defendant, the Commissioner of Social Security, denying plaintiff's claim for disability benefits (Doc. 1). Plaintiff's complaint states that plaintiff is a resident of Jackson County, Missouri (Doc. 1 at 1). Plaintiff's affidavit in support of his motion to proceed without prepayment of fees states that his address is: c/o Christian Life of City Union Mission, 1111 E. 10th St., Kansas City, MO. 64106 (Doc. 2-1 at 1). The civil cover sheet filed by plaintiff's counsel lists plaintiff's county of residence as "Jackson" (Doc. 3).

According to 42 U.S.C. § 405(g):

> Any individual, after any final decision of
> the Commissioner of Social Security made
> after a hearing to which he was a party,
> irrespective of the amount in controversy,

1

> may obtain a review of such decision by a
> civil action commenced within sixty days
> after the mailing to him of notice of such
> decision or within such further time as the
> Commissioner of Social Security may allow.
> <u>Such action shall be brought in the district
> court of the United States for the judicial
> district in which the plaintiff resides</u>, or
> has his principal place of business, or, if
> he does not reside or have his principal
> place of business within any such judicial
> district, in the United States District Court
> for the District of Columbia.

(emphasis added).  In interpreting a statute, a court begins with the understanding that Congress says in a statute what it means and means in a statute what it says.  When the statute's language is plain, the sole function of the court, at least where the disposition required by the text is not absurd, is to enforce it according to its terms.  <u>Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.</u>, 530 U.S. 1, 6, 120 S. Ct. 1942, 147 L. Ed.2d 1 (2000); <u>Oklahoma Dep't of Securities v. Wilcox</u>, __ F.3d ___, 2012 WL 3553478 at *2 (August 20, 2012).  Plaintiff unambiguously asserts in his initial pleadings (Doc. 1-3) that he is a resident in Jackson County, Missouri.  According to the statute, this action should be brought in the judicial district in which plaintiff resides.  Plaintiff, according to his initial pleadings, is not a resident of the District of Kansas.

On August 8, 2012, the court issued a show cause order (Doc. 4), asking plaintiff to show cause, on or before August 27, 2012, why this case should not be dismissed for lack of venue.

Plaintiff filed a response and affidavit on August 27, 2012 (Doc. 5, 6).  These two documents indicate that plaintiff lived in Kansas from 2003 through October 2011.  In October 2011 he moved to the City Union Mission in Kansas City, Missouri.  He indicates that he is only living there because of circumstances beyond his control, and he considers himself a resident of Kansas and would be residing in Kansas if he had the opportunity to do so (Doc. 5 at 1-2).  Plaintiff argues that it would be "in the interests of justice" to allow him to maintain this action in the U.S. District Court of Kansas (Doc. 5 at 2).

In reviewing the statute in question, the court would note that 42 U.S.C. §405(g) does not define "resides."  Therefore, the court will look to 28 U.S.C. § 1391, which governs the venue of all civil actions brought in federal court.  This statute defines residency for all venue purposes as follows: "<u>a natural person...shall be deemed to reside in the judicial district in which that person is domiciled</u>."  28 U.S.C. § 1391(c)(1)(emphasis added).  To establish domicile in a particular state, a person must be physically present in the state and intend to remain there.  Once domicile is established, however, the person may depart without necessarily changing his domicile.  To effect a change in domicile, two things are indispensable: first, residence in a new domicile, and second, the intention to remain there.  <u>Smith v. Cummings</u>, 445 F.3d 1254, 1260 (10th Cir. 2006).

Plaintiff's response to the show cause order and the affidavit indicate for the first time that although plaintiff has been living in Kansas City, Jackson County, Missouri since October 2011, he considers himself a resident of Kansas, where he had resided from 2003 until October 2011. At that time he was evicted from his apartment in Kansas, and following his hospitalization in Olathe, Kansas, he was advised that the only homeless shelter which had room for him was one in Kansas City, Jackson County, Missouri. Plaintiff further indicates that he would be residing in Kansas if he had the opportunity to do so.

As set forth above, to establish domicile in a state, a person must be physically present in the state and intend to remain there. Plaintiff's response indicates that he was domiciled in Kansas from 2003 through October 2011. To effect a change in domicile, plaintiff must reside in a new domicile, and plaintiff must intend to remain there. Although plaintiff has been residing in Missouri since October 2011, plaintiff's response and affidavit indicate that he does not intend to remain there, but intends to return to Kansas once circumstances permit his return.

Thus, while plaintiff's initial pleadings only indicate that he is a resident of Missouri, his response to the show cause order and affidavit appear to assert that, although plaintiff is presently living in Missouri, his residence, or domicile, as set

4

forth in 28 U.S.C. § 1391(c)(1), and as defined in the case law set forth above, remains in Kansas. For this reason, the court will allow plaintiff to amend his complaint in order for plaintiff to assert his residence or domicile consistent with the information contained in plaintiff's response and affidavit.

IT IS THEREFORE ORDERED that plaintiff shall file an amended complaint setting forth plaintiff's residence or domicile in accordance with plaintiff's response (Doc. 5) and affidavit (Doc. 6) no later than September 17, 2012.

IT IS FURTHER ORDERED that, after defendant has been served, defendant shall, on or before the filing of their answer, file a brief regarding the issue of the proper venue for the bringing of this cause of action. Plaintiff will then be permitted to file a response to defendant's brief on this issue.

Dated this 6th day of September, 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge