```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


PATRICK S. McHENRY,

                        Plaintiff,

vs.                                       Case No. 12-2512-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

                        Defendant.
```

MEMORANDUM AND ORDER

On August 7, 2012, plaintiff filed a complaint seeking review of a final decision by the defendant, the Commissioner of Social Security, denying plaintiff's claim for disability benefits (Doc. 1). Plaintiff's complaint states that plaintiff is a resident of Jackson County, Missouri (Doc. 1 at 1). Plaintiff's affidavit in support of his motion to proceed without prepayment of fees states that his address is: c/o Christian Life of City Union Mission, 1111 E. 10th St., Kansas City, MO. 64106 (Doc. 2-1 at 1). The civil cover sheet filed by plaintiff's counsel lists plaintiff's county of residence as "Jackson" (Doc. 3).

On August 8, 2012, the court issued a show cause order (Doc. 4), asking plaintiff to show cause, on or before August 27, 2012, why this case should not be dismissed for lack of

venue.  Plaintiff filed a response and affidavit on August 27, 2012 (Doc. 5, 6).  These two documents indicate that plaintiff lived in Kansas from 2003 through October 2011.  In October 2011, he was evicted from his apartment in Overland Park, Kansas, and he was hospitalized in Olathe, Kansas.  When he left the hospital, he moved to a homeless shelter in Kansas City, Missouri after being advised that this was the only homeless shelter in the area that had room for him.  He indicates that he is only living in Missouri because of circumstances beyond his control, and he considers himself a resident of Kansas and would be residing in Kansas if he had the opportunity to do so (Doc. 5 at 1-2).

    Based on these pleadings, the court issued an order on September 6, 2012 allowing the plaintiff to file an amended complaint setting forth plaintiff's residence or domicile.  The order also permitted the defendant, on or before the filing of their answer, to file a brief regarding the issue of the proper venue for the bringing of this cause of action (Doc. 8).  Plaintiff filed his first amended complaint on September 14, 2012 (Doc. 10).  In his first amended complaint, plaintiff states that he is a resident of Overland Park, Kansas, but is temporarily residing in Jackson, County, Missouri.  The amended complaint indicates that he had lived in Kansas from 2003-2011, but that he lost his job in late 2009, and in October 2011 was

evicted from his apartment in Overland Park, Kansas due to a lack of income. When he was evicted, he was hospitalized in Olathe, Kansas. The social worker at the hospital advised him that the only homeless shelter that could accommodate him in the area was in Kansas City (Jackson County) Missouri. He is still residing in Missouri, but would choose to reside in Kansas if he had the financial means to do so (Doc. 10).

On November 13, 2012, defendant filed their answer (Doc. 17), and also file a response brief regarding the issue of venue (Doc. 18). Plaintiff filed a reply brief on this issue on December 3, 2012 (Doc. 20).

According to 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. <u>Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides</u>, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

(emphasis added). However, 42 U.S.C. §405(g) does not define "resides." Therefore, the court will look to 28 U.S.C. § 1391, which governs the venue of all civil actions brought in federal

court.  This statute defines residency for all venue purposes as follows: "a natural person...shall be deemed to reside in the judicial district in which that person is domiciled."  28 U.S.C. § 1391(c)(1)(emphasis added).

To establish domicile in a particular state, a person must be physically present in the state and intend to remain there.  Once domicile is established, however, the person may depart without necessarily changing his domicile.  To effect a change in domicile, two things are indispensable: first, residence in a new domicile, and second, the intention to remain there.  Smith v. Cummings, 445 F.3d 1254, 1260 (10th Cir. 2006).  A "domicile" is an individual's true, fixed, and permanent home and principal establishment.  Keys Youth Services, Inc. v. City of Olathe, Kansas, 248 F.3d 1267, 1272 (10th Cir. 2001).  To acquire a domicile of choice in a place, a person must intend to make that place his home for the time at least.  Restatement (Second) of Conflict of Laws § 18.  In order to acquire a domicile of choice, one must have a present intention of permanent or indefinite living in a given place or country, not for mere temporary and special purposes, but with a present intention of making it his home unless or until something which is uncertain or unexpected shall happen to induce him to adopt some other permanent home.  If a person has actually removed from one place to another with an intention of remaining in the latter for an

4

indefinite time and as a place of fixed present domicile, such latter place will be deemed his place of domicile, notwithstanding he may entertain a floating intention to return to his previous domicile at some future time.  However, an intention to return on the occurrence of some event which may reasonably be anticipated is not such an indeterminate or floating intention.  Gates v. Commissioner of Internal Revenue, 199 F.2d 291, 294 (10th Cir. 1952).

In determining the domicile of homeless individuals, the court should consider where the individual last lived before becoming homeless, place of prior employment, state of registration to vote, income tax returns, location of church or social organizations that he belonged to, and where he was licensed or had registered an automobile.  Hutchinson v. Cumberland Valley Shows, Inc., 2007 WL 4148590 at *4 (N.D. Ind. Nov. 19, 2007); O'Neal v. Atwal, 425 F. Supp.2d 944, 947 (W.D. Wis. 2006).  To determine where an individual intends to remain, courts look at objective manifestations of intent such as where the individual is employed and registered to vote; where he pays taxes; and the location of his bank accounts, personal property and any land he owns.  O'Neal, 425 F. Supp. At 947.

In the case of Preston v. Tenet Healthsystem Memorial Medical Center, Inc., 485 F.3d 804, 818-819 (5th Cir. 2007), the issue before the court was the domicile of persons who had left

the New Orleans area due to Hurricane Katrina.  The court held that many Hurricane Katrina victims may intend to return home yet are still dispersed throughout Louisiana and other states for reasons beyond their control, such as not having shelter and employment in the New Orleans area.  Therefore, the court held that the parties had continuing domicile in New Orleans.

Plaintiff lived in Kansas from 2003-2011 before he became homeless (Doc. 6 at 1).  Plaintiff was last employed in Lenexa, Kansas from 2003-2009 (Doc. 2-1 at 3).  Plaintiff currently has a Kansas driver's license and has had it since 2006.  After he moved to Missouri, he lost his driver's license, and replaced it with a Kansas license (Doc. 20 at 7).  Plaintiff indicates that he is not registered to vote, does not have a bank account, and does not own any real property.  He is not a member of any social or civic organization (Doc. 20 at 7-8).

Besides the fact that he is currently living in Missouri in a homeless shelter, defendant points out that he has received mail in Missouri at his sister's residence (R. at 11, 142, 143, 149, 259-266).  However, there is no evidence that he is living with his sister; the evidence simply indicates that plaintiff had his mail sent to his sister's address.

To establish domicile in a particular state, a person must be physically present in the state and intend to remain there. A person must intend to make that place his home for the time at

6

least.  In the case before the court, plaintiff lived and/or worked in Kansas from 2003-2011, and moved to Missouri in October 2011 only because he was homeless.  He was informed that the only available homeless shelter in the area was in Missouri. Plaintiff has maintained a Kansas driver's license; after he moved to Missouri, he lost his driver's license and replaced it with a Kansas driver's license.  Plaintiff indicates that he considers himself to be a resident of Kansas, and that it is his intent to return to Kansas once circumstances permit. Plaintiff's only connections to Missouri are that he is living in a homeless shelter in Missouri and receives mail at his sister's residence in Missouri.

On the facts of this case, the court finds that defendant's domicile is in Kansas.  He lived and/or worked in Kansas from 2003-2011, and he moved to Missouri in October 2011 only because he was homeless and he was told that the only homeless shelter available was in Missouri.  A homeless shelter does not seem to qualify as a true, fixed and permanent home.  He has also maintained a Kansas driver's license, and seeks to return to Kansas when circumstances permit.  The evidence does not establish that plaintiff intends to remain in Missouri, but that he is in Missouri due to circumstances beyond his control.  The court therefore finds that plaintiff's domicile is in Kansas; on

the facts of this case, plaintiff's departure from Kansas has not changed his domicile.

IT IS THEREFORE ORDERED that this cause of action shall remain in the District Court of Kansas for the reasons set forth above.

Dated this 14th day of December 2012, Topeka, Kansas.

s/ Sam A. Crow<br>Sam A. Crow, U.S. District Senior Judge